UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. VELASCO, T. WEBSTER,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01493-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* UNDER 28 U.S.C. § 1915(g)<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 7) |

Plaintiff William J. Gradford, a former state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983.[1] (Doc. No. 1 "Complaint"). Pending before the Court is Plaintiff's motion to proceed *in forma pauperis*. (Doc. No. 7 "IFP Motion").

For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP Motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes, and he has not established he meets the imminent danger exception. Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

---

[1] It appears Plaintiff is no longer incarcerated based on a notice of change of address he filed on February 10, 2023. (Doc. No. 13).

## BACKGROUND AND FACTS

Plaintiff initiated this action by filing a civil rights complaint he signed on November 15, 2022. (Doc. No. 1). The complaint, which comprises 43 pages, identifies Deputies F. Velasco and T. Webster as defendants. (*Id*. at 2). On the form complaint where a litigant is to "state the constitutional or other federal civil right that was violated," Plaintiff checks the box for "retaliation" and writes "[m]ay the court decide." (*Id*. at 5, 19). Generally, Plaintiff alleges retaliation claims in violation of the First Amendment and complains of "bullying" and harassment from defendants. (*Id*. at 5-24.). Specifically, Plaintiff claims Deputies Velasco and Webster retaliated against him for filing grievances and by acting unprofessionally, using intimidation tactics, and making inappropriate comments. (*Id*.). As relief, Plaintiff seeks compensatory damages, punitive damages, and costs. (*Id*. at 24). The complaint attaches various inmate request forms Plaintiff submitted concerning his claim. (*Id*. at 26-43).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the dismissal must have been before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109

(9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal).  It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g).  *Lomax*, 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g).  *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  A dismissal for failure to state a claim relying on qualified immunity counts as a strike. *Reberger v. Baker*, 657 F. App'x 681, 683-84 (9th Cir. Aug. 9, 2016).  Dismissals of complaint as time barred under the applicable statute of limitations counts as a strike. *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).  Further, where a court dismisses a complaint for failure to state claim with leave to amend, the court's subsequent dismissal for failure to comply with a court order by filing an amended complaint constitutes a strike for purposes of § 1915(g). *Harris v. Magnum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).  However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed

imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053.  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)).  To determine whether such a nexus exists, the court considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Id*.

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled.  *Hardney v. Hampton*, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005).  A plaintiff may resume his claims if he prepays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act.  As the United States Supreme Court recently noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726.  To curb the "flood of nonmeritorious claims," § 1915(g) provides the court with a mechanism to recognize a "three striker," deny IFP on that basis, require payment of the full filing fee, which absent being paid, the court may dismiss the case, thereby permitting time for consideration of suits more likely to succeed.  *Id*; *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (recognizing PLRA was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good.") (citations and internal quotations and

4

alterations omitted).

## ANALYSIS

### A. Plaintiff Has Three or More Qualifying Strikes

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). A review of the PACER Database reveals Gradford has filed over 25 civil actions in a district court or appellate court of the United States and has had at least three cases dismissed that qualify as a strike under Ninth Circuit caselaw prior to filing this lawsuit. Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each were entered before the instant action was filed:

#### 1. *Gradford v. Tiexiera*

On March 11, 2020, Gradford's case was dismissed in *Gradford v. Tiexiera*, Case No. 1:19-cv-01783-DAD-SKO (E.D. Cal. Mar. 11, 2020). The district court adopted the magistrate judge's findings and recommendations which, after conducting a 28 U.S.C. § 1915A screening, recommended dismissal of the complaint as barred by the statute of limitations. A dismissal for a failure to state a claim because the claim is time-barred constitutes a strike. *See Belanus v. Clark*, 796, F.3d 1021 (9th Cir. 2015).

#### 2. *Gradford v. Walczack*

On October 23, 2020, Gradford's case was dismissed in *Gradford v. Walczack*, Case No. 1:20-cv-00370-AWI-EPG (E.D. Cal. Oct. 23, 2020). The district court adopted the magistrate judge's findings and recommendations which, after conducting 28 U.S.C. § 1915A screening, recommended dismissal of Plaintiff's first amended complaint with prejudice for failure to state a claim. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011).

#### 3. *Gradford v. Baez*

On November 3, 2022, Gradford's case was dismissed in *Gradford v. Baez*, Case No. 1:20-cv-00858-ADA-CDB (E.D. Cal. Jun. 6, 2020). A review of this court's records in *Gradford v. Baez* show that Plaintiff proceeded only on his excessive force claim against Defendant Baez, a deputy working at the Stanislaus County Public Safety Center, which is where Plaintiff was

1 incarcerated. (*Baez*, Doc. Nos. 1, 6, 7). Defendant Baez filed a motion to dismiss requesting the court enforce a settlement agreement Gradford entered into on May 7, 2019, which released all claims, known and unknown, against Stanislaus County, Stanislaus County employees, and representatives of Stanislaus County. (*Baez*, Doc. No. 32).

The assigned magistrate judge issued findings and recommendations, finding that the May 7, 2019 Settlement Agreement was valid and Gradford unequivocally expressed his desire to reach a settlement on all claims that he was aware of as well as any unknown claims. (*Baez*, Doc. No. 42 at 6-8). As a result, the assigned magistrate judge recommended enforcing the May 7, 2019 Settlement Agreement and grant Defendant Baez's motion to dismiss. (*See generally id.*). Before the district court issued an order adopting or denying the findings and recommendations, Gradford filed a request to voluntary dismiss his case pursuant to Rule 41(a)(1)(A)(ii). (Doc. No. 53); see also Fed. R. Civ. P. 41(a)(1)(A)(ii).

On November 3, 2022, the district judge adopted, in full, the findings and recommendations. (*Baez*, Doc. No. 55). Notably, the district judge denied Gradford's motion to voluntarily dismiss the case. (*Id*. at 2). As a result, Defendant Baez's motion to dismiss was granted. (*Id*.).

"It is well-settled that, in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp*, 738 F.3d at 1109 (citing *Andrews v. King*, 398 F.3d 1193, 1121 ("holding that reviewing courts should make 'careful evaluation' of 'the orders dismissing those actions and other relevant information,' and should 'consider the underlying court orders and make an independent assessment'"). On its face, the dismissal in *Gradford v. Baez* is not clear because it does not use specific terms such as "frivolous," "malicious," or "failure to state a claim." (*See generally Baez*, Doc. No. 55). However, a review of the magistrate judge's findings and recommendations, which were adopted in full, show that the dismissal for the breach of the May 7, 2019 Settlement Agreement constituted a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief could be granted. (*See generally Baez*, Doc. No. 42); *see also* Fed. R. Civ. P. 12(b)(6). Gradford could not proceed against Defendant Baez because the May 7, 2019

Settlement Agreement precluded Gradford from raising any claim against him or other employees of Stanislaus County. (*See generally Baez*, Doc. Nos. 42, 55). As a result, the *Baez Court* dismissed Gradford's claim because he failed to state a claim upon which relief could be granted. Additionally, the dismissal in *Gradford v. Baez* may also be considered a dismissal for Gradford's failure to file the action in good faith, which is the equivalent to a finding of frivolity and also constitutes a strike. *Knapp*, 738 F.3d at 1110 ("[L]ack of 'good faith' in this context has been held to be equivalent to a finding of frivolity.") (citing *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).

### 4. Frivolous and or malicious

In addition to the three strikes discussed *supra*, Gradford's litigation practices are abusive, done in bad faith, and are frivolous, constituting a strike under § 1915(g). Prisoners are prohibited from filing frivolous or malicious complaints. 42 U.S.C. § 1915(g). A frivolous complaint is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A filing is considered frivolous if it "is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. Sep. 6, 1990). "Courts in this circuit routinely hold that a claim that is barred by res judicata is frivolous." *Zone Sports Center Inc. LLC v. Red Head, Inc.*, 2013 WL 2252016, at *5 (N.D. Cal. May 22, 2013) (other citations omitted). A review of this court's records show that Gradford has repeatedly filed complaints that cannot state a claim for which relief can be granted because the May 7, 2019 Settlement Agreement, discussed *supra*, precluded the claims. Besides *Gradford v. Baez*, which was already discussed at length, there are other cases in which Gradford engaged in abusive and frivolous action.

#### a. Filings of Bad Faith

On September 9, 2019, Gradford filed a complaint in *Gradford v. Freddie*, Case No. 1:19-cv-01252-DAD-EPG (E.D. Cal. Sep. 9, 2020). A review of the complaint shows that Gradford alleged a conditions of confinement claim against Defendant Freddie, who worked at the Stanislaus County Public Safety Center which is where Gradford was incarcerated. (*Freddie*, Doc. No. 1). Here, the *Freddie Court* construed a filing by Gradford as a request to voluntarily

dismiss his case, which the court granted.  (*Freddie*, Doc. No. 68).

On April 16, 2020, Gradford filed a complaint in *Gradford v. Velasco*, Case No. 1:20-cv-00543-DAD-EPG (E.D. Cal. Apr. 16, 2020).  A review of the complaint shows that Gradford proceeded only on his claims against Defendants Velasco and Webster, deputies at the Stanislaus County Public Safety Center during Gradford's incarceration.  (*Velasco*, Doc. Nos. 1, 10, 11).[2]  The *Velasco* Court construed a filing by Gradford as a request to voluntarily dismiss the case, which was granted.  (*Velasco*, Doc. Nos. 70, 71).

Gradford failed to state a claim upon which relief could be granted in *Gradford v. Freddie*, *Gradford v. Velasco*, and *Gradford v. Baez* because his claims in these cases were precluded by the May 7, 2019 Settlement Agreement.  Thus, each case was not filed in good faith.  Gradford's failure to file a case in good faith is the equivalent to a finding of "frivolousness" which constitutes a strike under § 1915(g).  *See Neitzke*, 490 U.S. at 325; *Townsend*, 929 F.2d at 1362; 28 U.S.C. § 1915(g).

Moreover, Gradford's abusive litigation practices are compounded considering his actions in the instant case.  Gradford signed his Complaint under penalty of perjury that all information in the Complaint is "true and correct."  (Doc. No. 1 at 8).  This is a significant requirement.  "'[P]erjury is among the worst kinds of misconduct' and cuts at the very heart of the mission of the federal courts."  *Kennedy v. Huibregtse*, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13, 2015), *aff'd*, 831 F.3d 441 (7th Cir. 2016) (quoting *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014)).  On the complaint form, in response to whether a litigant has filed any "other lawsuits while you were a prisoner," Plaintiff answers "yes" and then lists 12 previous lawsuits.  (Doc. No. 1 at 2-4).  However, a review of the PACER database, as well as CM/ECF, proves that is a gross understatement.  Gradford filed at least twenty-three lawsuits prior to initiating the instant action.  Lying under penalty of perjury is considered an abuse of the judicial process and warrants a district court's dismissal of the case as a sanction against the plaintiff.  *Rivera v. Allin*, 144 F.3d

---

[2] While the undersigned has not screened Gradford's complaint in the instant action, he appears to be alleging the same claims in the instant action that he did in *Gradford v. Velasco*, Case No. 1:20-cv-00543-DAD-EPG (E.D. Cal. Apr. 16, 2020).

719 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Rivera v. Drake*, 767 F.3d 685 (7th Cir. 2014). At a minimum, Gradford's misrepresentation that he has filed only 12 lawsuit violates Rule 11(b) of the Federal Rules of Civil Procedure and is indicative of bad faith filings and abusive litigation practices. *See* Fed. R. Civ. P. 11(b).

### b. Duplicative

In *Gradford v. Perea, et. al.*, Case No. 1:20-cv-01342-DAD-EPG (E.D. Cal. Sep. 21, 2020), the court noted that the case had similarities with *Gradford v. Velasco*, discussed *supra*. (*Perea*, Doc. Nos. 12, 16). As a result, *Gradford v. Perea* may be sufficiently repetitive and duplicative to be deemed "frivolous" and "duplicative" under § 1915(g) and therefore constitutes a strike.

### c. *Gradford v. USDC Eastern Dist. of Cal.*

In *Gradford v. USDC Eastern Dist. of Cal.*, Case No. 1:21-cv-01596-ADA-SKO (E.D. Cal. Nov. 1, 2021), the assigned magistrate judge issued findings and recommendations, recommending the case be dismissed because the complaint failed to state any cognizable claim for which relief could be granted because Gradford was attempting to file suit against federal judges and the Clerk of Court. (*USDC*, Doc. No. 11). If adopted, this would count as a strike against Gradford; however, before the district court adopted the findings and recommendations, Gradford moved to voluntarily dismiss his case. (*USDC*, Doc. No. 13). The Court granted Gradford's motion to voluntarily dismiss and the case was closed on January 6, 2022. *See* docket. While the issue has yet to be decided by the Ninth Circuit, some circuits and district courts would count this as a strike against Gradford because he voluntarily dismissed his case **after** the findings and recommendations was issued in order to avoid a strike. *Large v. Beckman Cnty. Dist. Ct.*, 558 Fed. App'x 827, 829 (10th Cir. 2014) (a plaintiff cannot use a voluntary dismissal under Rule 41(a) "to avoid the effect of a 'strike'…once his case was already screened and found meritless") (citations omitted); *Taylor v. First Med. Mgmt.*, 508 Fed. App'x 488 (6th Cir. 2012) ("plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim" because such action would "subvert the purpose of the PLRA"), *Hines v. Graham*, 320 F. Supp. 2d 511 (N.D. Tex. 2004).

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed. *Andrews*, 493 F.3d at 1052-53. Liberally construing the complaint, the undersigned find it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action.

While Plaintiff peppers his complaint with references to his fear of defendants, Plaintiff's claimed fear is from a subjective interpretation of statements or actions from defendants. For example, Plaintiff complains Defendant Velasco harassed him one evening while he was laying in his bed. (Doc. No. 1 at 16-17). Defendant Velasco walked up to Plaintiff's cell door and looked at Plaintiff, then looked at his watch, then looked at Plaintiff again. (*Id*.). Plaintiff views Defendant Velasco's conduct as bullying or harassing, but such allegations do not show imminent *physical* danger. *See Stine v. Federal Bureau of Prisons*, 2015 WL 5255377, *6 (E.D. Cal. Sep. 9, 2015) ("[o]verly speculative and fanciful allegations do not plausibly show imminent danger") (citing *Andrews*, 493 F.3d at 1057 n. 11). "Vague 'verbal threats of physical harm to health and safety' are insufficient 'to demonstrate imminent danger of serious physical injury.'" *Hamler v. Dignity Health*, 2021 WL 5630620, *4 (E.D. Cal. Dec. 1, 2021) (quoting *Cruz v. Pfeiffer*, 2021 WL 289408, *2 (E.D. Cal. Jan. 28, 2021)). Instead, the Complaint seeks compensatory and punitive damages because Plaintiff claims he was retaliated against for filing grievances as well as unprofessional conduct from the Defendants. There are no allegations that Plaintiff sustained any physical injury, yet alone any factual allegations from which the court can infer that he is currently under threat of imminent physical danger sufficient to invoke the § 1915(g) exception. Based on the foregoing, the undersigned recommends Plaintiff's IFP motions be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 7) be **DENIED.**

2. This action be **DISMISSED without prejudice** after providing Plaintiff an

opportunity to pay the filing fee.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  April 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE